a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAN VAN TRAN #A061352669,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-06208<br>SEC P |
| VERSUS | JUDGE DRELL |
| MERRICK B GARLAND ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Dan Van Tran ("Tran"). ECF No. 12. When the Petition was filed, Tran was a detainee in the custody of U.S. Immigration and Customs Enforcement ("ICE") in LaSalle Parish, Louisiana.

Because Tran is no longer in custody, his Petition should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

I. Background

Tran is a native and citizen of Vietnam. ECF No. 5. He alleges that his order of removal became final on May 15, 2022. ECF No. 5-1 at 7. Tran asserts that he has fully cooperated with ICE's efforts to remove him by writing a letter to his consulate asking to be removed; calling the consulate five times asking for the issuance of travel documents; and providing information to assist with deportation. ECF No. 5-1 at 8-9. Tran alleges that his removal is unlikely to occur in the reasonably foreseeable future.

1

The Government asserts that Tran was released from ICE custody on January 26, 2023. ECF No. 12-2 at 1.

## II. Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Tran has received the relief requested. Because Tran is not in custody, the § 2241 Petition is moot. *See Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. July 17, 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. July 31, 2019). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

### III. Conclusion

Because Tran has been released, IT IS RECOMMENDED that the Motion to Dismiss (ECF No. 12) be GRANTED and the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, April 25, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE